IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSH LA VENIA,<br><br>    Plaintiff<br><br>    v.<br><br>UNITED STATES OF AMERICA<br>(Transportation Security<br>Administration),<br><br>    Defendant | CIVIL NO. 09-2057 (JP) |

## OPINION AND ORDER

Before the Court is Defendant United States of America's ("U.S.A.") motion for change of venue (**No. 7**) and Plaintiff Josh La Venia's ("La Venia") opposition thereto (No. 10). Plaintiff La Venia brought this lawsuit against Defendant pursuant to the Federal Torts Claim Act, 28 U.S.C. § 2671 *et seq.* Defendant U.S.A. moves to transfer venue to the District of Nevada pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, Defendant's motion is hereby **GRANTED**.

I.  **FACTUAL ALLEGATIONS**

The instant action arises from a flight taken by Plaintiff La Venia from McCarran International Airport (the "Airport"), located at 5757 Wayne Newton Boulevard, Las Vegas, Nevada 89119, to Puerto Rico. While at the Airport, Plaintiff argues that the personnel from the Transportation Security Administration ("TSA") working at the

CIVIL NO. 09-2057 (JP)        -2-

Airport improperly placed, stole or lost his personal property and failed to properly secure his luggage as the luggage allegedly was before check-in.

Plaintiff alleges that the TSA personnel chose to open and manually inspect his two green duffle bags. While searching the duffle bags, the personnel removed all or most of the contents from both bags. Plaintiff states that, at this point, the TSA personnel retained, stole, misplaced, or lost his property. Also, Plaintiff alleges that the TSA personnel did not securely close his luggage as Plaintiff had done prior to the bags being opened.

As a result of this incident, Plaintiff brought the instant action requesting $1,500.00 for property lost, school time missed, and time spent replacing the property.

## II.  **LEGAL STANDARD FOR A MOTION TO TRANSFER VENUE**

Defendant moves for the Court to transfer venue pursuant to 28 U.S.C. § 1404(a). Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where [the action] might have been brought." See 28 U.S.C. § 1404(a). However, there is a presumption for Plaintiff's choice of forum. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). As such, the burden of proof rests with the party seeking the transfer. Id.

CIVIL NO. 09-2057 (JP)          -3-

## III. ANALYSIS

Defendant moves for the Court to transfer the case to the District of Nevada. Plaintiff opposes said motion. The Court will now consider Defendant's argument.

### A. District of Nevada as a Proper Judicial District for the Action

Under Section 1404(a), for a Court to transfer a case to another district the new district must be a proper venue. See 28 U.S.C. § 1404(a) ("a district court may transfer any civil action to any other district or division where [the action] might have been brought"). 28 U.S.C. § 1391(e) governs whether a district is a proper or improper venue in an action against an agency of the U.S.A. Section 1391(e) states:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

After examining the facts, the Court concludes that the District of Nevada is a proper venue. The alleged wrongful actions suffered by Plaintiff La Venia occurred at the Airport, which is located in

CIVIL NO. 09-2057 (JP)            -4-

Nevada.  In particular, TSA personnel opened Plaintiff La Venia's bags and allegedly lost his personal property while the bags where at the Airport in Nevada.  28 U.S.C. § 1391(e)(2).  As such, the District of Nevada is a proper venue for the instant action.

### B.   Transfer to District of Nevada

To transfer an action to a new district, the Court should consider whether such transfer is for the convenience of the parties and witnesses, and/or in the interest of justice.  See 28 U.S.C. § 1404(a).

Defendant argues that transfer to the District of Nevada is in the interest of justice because: (1) all the facts giving rise to the complaint occurred in Nevada; (2) all the evidence to be presented in this action is located in Nevada; and (3) most or all of the witnesses and parties to the incident are in Nevada.  In his opposition, Plaintiff argues that the matter should not be transferred because: (1) Plaintiff resides in Puerto Rico; and (2) the ultimate destination of Plaintiff, when the incident occurred in Nevada, was Puerto Rico.

After considering the arguments, the Court determines that the action should be transferred to the District of Nevada.  There is a strong interest in holding the action in Nevada because the facts giving rise to the complaint occurred in the Airport in Nevada and not in Puerto Rico.  Also, the transfer is in the interest of justice because the majority of the witnesses are located in Nevada.  The


CIVIL NO. 09-2057 (JP)                 -5-

fact that Plaintiff lives in Puerto Rico and was destined for Puerto Rico is not sufficient to overcome the strong interest in holding the action where most of the evidence and witnesses are located. As such, the Court **GRANTS** the motion for transfer.

**IV. CONCLUSION**

Accordingly, Defendant U.S.A.'s motion to transfer is hereby **GRANTED**. Thus, the Court **ORDERS** that the case be transferred to the District of Nevada.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of February, 2010.

                                                s/Jaime Pieras, Jr.
                                                  JAIME PIERAS, JR.
                                        U.S. SENIOR DISTRICT JUDGE